UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JUAN IBN-DON MUMIT TURNER, | : | |
| Plaintiff, | : | Civ. No. 20-13184 (PGS) (TJB) |
| v. | : | **MEMORANDUM AND ORDER** |
| SUSAN SPRINGLER, et al., | : | |
| Defendants. | : | |

**PETER G. SHERIDAN, U.S.D.J.**

## I.   INTRODUCTION

Plaintiff, Juan Ibn-Don Mumit Turner ("Plaintiff" or "Turner"), is a state prisoner incarcerated at the New Jersey State Prison ("NJSP") in Trenton, New Jersey. He is proceeding *pro se* with a civil rights complaint filed pursuant to 42 U.S.C. § 1983. Previously, this Court granted Plaintiff's request to proceed *in forma pauperis*. (*See* ECF 3).

This Court must screen the allegations of Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) to determine whether they are frivolous or malicious, fail to state a claim upon which relief may be granted, or whether the allegations seek monetary relief from a defendant who is immune from suit. For the following reasons, Plaintiff's complaint is dismissed without prejudice for failure to state a claim upon which relief may be granted.

## II.   BACKGROUND

The factual allegations of the complaint are construed as true for purposes of this screening opinion. Plaintiff names the following Defendants in his complaint:

1. Susan Springler
2. Xiangrong Zhou
3. Diane Bach
4. Dr. Ashaf Haggag

5. Ivery Donique
6. Niti Tank
7. Dr. Ahmar Shakir
8. University Correctional Healthcare (UCHC)
9. The State University of New Jersey (Rutgers)
10. St. Francis Medical Center

Plaintiff injured his wrist during a basketball game while incarcerated at NJSP. Initially, Plaintiff received ibuprofen for his injury. Thereafter, he received an X-ray in December, 2015, which came back normal. Nevertheless, the pain in Plaintiff's wrist continued. In July, 2017, an X-ray revealed soft tissue swelling. However, Plaintiff states nothing was done at this time as he was told there were no degenerative changes to his wrist. Plaintiff continued to complain about the pain in his wrist. Subsequently, in October, 2017, Plaintiff underwent an MRI which came back normal.

Plaintiff continued to complain about the pain he was experiencing in his wrist. Plaintiff received corticosteroid injections in two places on his wrist. However, once the injections wore off, Plaintiff pain returned, this time though at a much higher level than when he first injured his wrist. Plaintiff received a slip for physical therapy.[1] Plaintiff indicates though that surgery was ultimately required on his wrist.

Plaintiff seeks monetary damages as relief.

---

[1] It appears that portions of Plaintiff's complaint may be missing. Indeed, on page six of his complaint, in describing his statement of claims, Plaintiff's statement indicates with an arrow there are more allegations. However, and assuming this notation by Plaintiff is accurate, he either failed to include the additional pages in his submission or the Clerk's office failed to scan these additional pages (the Clerk's office no longer has a hard copy of Plaintiff's complaint). This Court only can and will screen the complaint that is currently part of the record. Nevertheless, so that Plaintiff has a full picture of the scope of what this Court is construing as his complete complaint, the Clerk shall be ordered to send Plaintiff a full copy of his complaint on record along with his attached exhibits.

### III. LEGAL STANDARD

Under the Prison Litigation Reform Act, Pub.L. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (Apr. 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*. *See* 28 U.S.C. § 1915(e)(2)(B). The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)). That standard is set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), as explicated by the United States Court of Appeals for the Third Circuit. To survive the court's screening for failure to state a claim, the complaint must allege 'sufficient factual matter' to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

*Pro se* pleadings, as always, are liberally construed. *See Haines v. Kerner*, 404 U.S. 519 (1972). Nevertheless, *"pro se* litigants still must allege sufficient facts in their complaints to

support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

In this case, Plaintiff is seeking redress under 42 U.S.C. § 1983. A plaintiff may have a cause of action under § 1983 for certain violations of constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Thus, to state a claim for relief under § 1983, a plaintiff must allege first, the violation of a right secured by the Constitution or laws of the United States, and second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011) (citations omitted); *see also West v. Atkins*, 487 U.S. 42, 48 (1988).

## IV. DISCUSSION

Plaintiff sues Defendants for violating his constitutional rights to be free from cruel and unusual punishment under the Eighth Amendment for the care (or lack thereof), he received on his injured wrist.

> For the delay or denial of medical care to rise to a violation of the Eighth Amendment's prohibition against cruel and unusual punishment, a prisoner must demonstrate "(1) that defendants were deliberately indifferent to [his] medical needs and (2) that those needs were serious." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir.

> 1999). Deliberate indifference requires proof that the official "knows of and disregards an excessive risk to inmate health or safety." *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003) (quoting *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994)). We have found deliberate indifference where a prison official: "(1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a nonmedical reason; or (3) prevents a prisoner from receiving needed or recommended treatment." *Rouse*, 182 F.3d at 197. Deference is given to prison medical authorities in the diagnosis and treatment of patients, and courts "disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment ... (which) remains a question of sound professional judgment." *Inmates of Allegheny Cty. Jail v. Pierce*, 612 F.2d 754, 762 (3d Cir. 1979) (quoting *Bowring v. Godwin*, 551 F.2d 44, 48 (4th Cir. 1977)). Allegations of negligent treatment or medical malpractice do not trigger constitutional protections. *Estelle v. Gamble*, 429 U.S. 97, 105-06, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976).

*Pierce v. Pitkins*, 520 F. App'x 64, 66 (3d Cir. 2013). Deliberate indifference can also be found "where the prison official persists in a course of treatment in the face of resultant pain and risk of permanent injury." *See McCluskey v. Vincent*, 505 F. App'x 199, 202 (3d Cir. 2012) (internal quotation marks and citation omitted). "A medical need is serious if it 'has been diagnosed by a physician as requiring treatment,' or if it 'is so obvious that a lay person would easily recognize the necessity for a doctor's attention.'" *See Mitchell v. Beard*, 492 F. App'x 230, 236 (3d Cir. 2012) (*quoting Atkinson v. Taylor*, 316 F.3d 257, 272-73 (3d Cir. 2003) (quoting *Monmouth Cnty. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987))).

      Plaintiff's complaint fails to state a claim for relief under the Eighth Amendment for deliberate indifference to his serious medical needs. As Plaintiff's complaint makes clear, he was receiving treatment for his injured wrist. This included initially receiving ibuprofen. Thereafter, Plaintiff had X-rays and an MRI taken. Later, he received steroid injections, an order for physical therapy, and ultimately surgery. That Plaintiff was dissatisfied with the type of treatment, and/or

5

that Defendants misread an MRI is insufficient to state a deliberate indifference claim under the Eighth Amendment. Indeed, "mere disagreement between prison doctors and a prisoner about the proper course of treatment does not evince the deliberate indifference necessary for an Eighth Amendment violation, however." *McCabe v. Pennsylvania Dep't of Corr.,* 523 F. App'x 858, 860 (3d Cir. 2013) (citing *See Monmouth Cnty. Corr. Inst. Inmates v. Lanzaro,* 834 F.2d 326, 347 (1987); *see also Inmates of Allegheny Cnty. Jail v. Pierce,* 612 F.2d 754, 762 (3d Cir.1979). Furthermore, that Defendants may have initially misdiagnosed Plaitniff's injury does not state a deliberate indifference claim under the Eighth Amendment. *See Stewart v. Pennsylvania Dep't of Corr.*, 677 F. App'x 816, 820 (3d Cir. 2017) (citing *Kost v. Kozakiewicz*, 1 F.3d 176, 185 (3d Cir. 1993)) (misdiagnosis of fracture resulting in delayed treatment at worst amounts to medical malpractice which is not actionable under the Eighth Amendment). Accordingly, Plaintiff fails to state a deliberate indifference claim.

## V.     CONCLUSION

For the foregoing reasons, Plaintiff's complaint is dismissed without prejudice for failure to state a claim upon which relief may be granted. Plaintiff shall have thirty (30) days from the date of this opinion and order in which to file a proposed amended complaint that corrects the deficiencies of his original complaint outlined in this opinion.

### ORDER

For the reasons set forth above,

IT IS on this 4th day of January, 2022,

ORDERED that Plaintiff's complaint is dismissed without prejudice for failure to state a claim upon which relief may be granted; Plaintiff shall have thirty (30) days in which to submit a

proposed amended complaint that corrects the deficiencies of his original complaint as outlined in the opinion should he elect to do so; and it is further

      ORDERED the Clerk shall serve on Plaintiff by regular U.S. mail: (1) this order and the accompanying opinion; and (2) a copy of his original complaint and attached exhibits (ECF 1, 1-2) that this Court screened; and it is further

      ORDERED the Clerk shall mark this case as closed.

January 4, 2022

                                      s/*Peter G. Sheridan*  
                                      PETER G. SHERIDAN, U.S.D.J.