**Not for Publication**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

JUAN IBN-DON MUMIT TURNER,                    :
                                              :
        Plaintiff,                       :
                                              :    Civ. No. 20-13184 (PGS)(TJB)
                                              :
    v.                                        :
                                              :    **MEMORANDUM**
                                              :    **AND ORDER**
SUSAN SPRINGLER, et al.,                       :
                                              :
        Defendants.                      :
                                              :

**PETER G. SHERIDAN, U.S.D.J.**

### I.    INTRODUCTION

Plaintiff, Juan Ibn-Don Mumit Turner ("Plaintiff"), is a state prisoner incarcerated at the New Jersey State Prison ("NJSP") in Trenton, New Jersey. He is proceeding *pro se* with an amended civil rights complaint filed pursuant to 42 U.S.C. § 1983. Previously, this Court dismissed Plaintiff's initial complaint without prejudice for failure to state a claim upon which relief may be granted and ordered the case closed. (*See* ECF 4). Presently before the Court is Plaintiff's proposed amended complaint ("Amended Complaint"). (ECF No. 7.)

This Court must screen the allegations of Plaintiff's Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) to determine whether they are frivolous or malicious, fail to state a claim upon which relief may be granted, or whether the allegations seek monetary relief from a defendant who is immune from suit. For the following reasons, Plaintiff's Amended Complaint is dismissed without prejudice for failure to state a claim upon which relief may be granted.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

On January 4, 2022, after granting Plaintiff's application to proceed *in forma pauperis*, the Court screened Plaintiff's initial complaint for dismissal under 28 U.S.C. § 1915(e)(2)(B). (*See* ECF No. 7.) Plaintiff raised claims against the following Defendants in his initial complaint:

1. Susan Springler
2. Xiangrong Zhou
3. Diane Bach
4. Dr. Ashaf Haggag
5. Ivery Donique
6. Niti Tank
7. Dr. Ahmar Shakir
8. University Correctional Healthcare (UCHC)
9. The State University of New Jersey (Rutgers)
10. St. Francis Medical Center

(*See* ECF No. 1.) The Court dismissed Plaintiff's claims against all Defendants without prejudice for failure to state claim for relief and provided Plaintiff leave to file an amended complaint that corrected the deficiencies of his original complaint outlined in the Court's Memorandum and Order. (*See* ECF No. 4)

On February 23, 2022, Plaintiff filed his proposed Amended Complaint. (ECF No. 7.) The allegations in Plaintiff's Amended Complaint are construed as true for the purposes of screening. Plaintiff again names the same ten Defendants that are listed *supra*. (*See id.* at 2.) Plaintiff again raises a claim that Defendants violated his constitutional rights to be free from cruel and unusual punishment under the Eighth Amendment for the care (or lack thereof), he received. (*See* ECF No. 7.)

The facts alleged in the Amended Complaint are identical to those alleged in Plaintiff's initial complaint, with minor additions. As such, the Court incorporates the summary of Plaintiff's allegations from the Court's January 4, 2022, Memorandum and Order. The Court summarized Plaintiff's allegations as follows:

2

> Plaintiff injured his wrist during a basketball game while incarcerated at NJSP. Initially, Plaintiff received ibuprofen for his injury. Thereafter, he received an X-ray in December, 2015, which came back normal. Nevertheless, the pain in Plaintiff's wrist continued. In July, 2017, an X-ray revealed soft tissue swelling. However, Plaintiff states nothing was done at this time as he was told there were no degenerative changes to his wrist. Plaintiff continued to complain about the pain in his wrist. Subsequently, in October, 2017, Plaintiff underwent an MRI which came back normal.
>
> Plaintiff continued to complain about the pain he was experiencing in his wrist. Plaintiff received corticosteroid injections in two places on his wrist. However, once the injections wore off, Plaintiff pain returned, this time though at a much higher level than when he first injured his wrist. Plaintiff received a slip for physical therapy. Plaintiff indicates though that surgery was ultimately required on his wrist.

(ECF No. 4 at 2.)

The Amended Complaint submits few new allegations. Plaintiff submits that prior to surgery a second MRI showed a "focal tear of the central disc of the triangular fibrocartilage complex." (ECF No. 7 at 8.) Plaintiff alleges that a year post surgery, his wrist is still not back to normal. (*Id.*) Plaintiff claims Defendants lacked urgency and misdiagnosed Plaintiff's wrist injury. (*Id.*)

## III.   LEGAL STANDARD

Under the Prison Litigation Reform Act, Pub.L. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (Apr. 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis. See* 28 U.S.C. § 1915(e)(2)(B). The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)). That standard is set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), as explicated by the United States Court of Appeals for the Third Circuit. To survive the court's screening for failure to state a claim, the complaint must allege 'sufficient factual matter' to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

*Pro se* pleadings, as always, are liberally construed. *See Haines v. Kerner*, 404 U.S. 519 (1972). Nevertheless, *"pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

In this case, Plaintiff is seeking redress under 42 U.S.C. § 1983. A plaintiff may have a cause of action under § 1983 for certain violations of constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action

4

at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Thus, to state a claim for relief under § 1983, a plaintiff must allege first, the violation of a right secured by the Constitution or laws of the United States, and second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011) (citations omitted); *see also West v. Atkins*, 487 U.S. 42, 48 (1988).

## IV.   DISCUSSION

The Court again construes Plaintiff to assert claims pursuant to 42 U.S.C. § 1983 against all Defendants for violating his constitutional right to be free from cruel and unusual punishment under the Eighth Amendment, based on the care he received for his wrist injury. As explained by the Court in its previous Memorandum and Order:

> For the delay or denial of medical care to rise to a violation of the Eighth Amendment's prohibition against cruel and unusual punishment, a prisoner must demonstrate "(1) that defendants were deliberately indifferent to [his] medical needs and (2) that those needs were serious." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). Deliberate indifference requires proof that the official "knows of and disregards an excessive risk to inmate health or safety." *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003) (quoting *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994)). We have found deliberate indifference where a prison official: "(1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a nonmedical reason; or (3) prevents a prisoner from receiving needed or recommended treatment." *Rouse*, 182 F.3d at 197. Deference is given to prison medical authorities in the diagnosis and treatment of patients, and courts "disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment . . . (which) remains a question of sound professional judgment." *Inmates of Allegheny Cty. Jail v. Pierce*, 612 F.2d 754, 762 (3d Cir. 1979) (quoting

> *Bowring v. Godwin*, 551 F.2d 44, 48 (4th Cir. 1977)). Allegations of negligent treatment or medical malpractice do not trigger constitutional protections. *Estelle v. Gamble*, 429 U.S. 97, 105-06, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976).

*Pierce v. Pitkins*, 520 F. App'x 64, 66 (3d Cir. 2013). Deliberate indifference can also be found "where the prison official persists in a course of treatment in the face of resultant pain and risk of permanent injury." *See McCluskey v. Vincent*, 505 F. App'x 199, 202 (3d Cir. 2012) (internal quotation marks and citation omitted). "A medical need is serious if it 'has been diagnosed by a physician as requiring treatment,' or if it 'is so obvious that a lay person would easily recognize the necessity for a doctor's attention.'" *See Mitchell v. Beard*, 492 F. App'x 230, 236 (3d Cir. 2012) (*quoting Atkinson v. Taylor*, 316 F.3d 257, 272-73 (3d Cir. 2003) (quoting *Monmouth Cnty. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987))).

The Court addressed Plaintiff's claim before and dismissed it based on the following reasoning:

> Plaintiff's complaint fails to state a claim for relief under the Eighth Amendment for deliberate indifference to his serious medical needs. As Plaintiff's complaint makes clear, he was receiving treatment for his injured wrist. This included initially receiving ibuprofen. Thereafter, Plaintiff had X-rays and an MRI taken. Later, he received steroid injections, an order for physical therapy, and ultimately surgery. That Plaintiff was dissatisfied with the type of treatment, and/or that Defendants misread an MRI is insufficient to state a deliberate indifference claim under the Eighth Amendment. Indeed, "mere disagreement between prison doctors and a prisoner about the proper course of treatment does not evince the deliberate indifference necessary for an Eighth Amendment violation, however." *McCabe v. Pennsylvania Dep't of Corr.*, 523 F. App'x 858, 860 (3d Cir. 2013) (citing *See Monmouth Cnty. Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (1987); *see also Inmates of Allegheny Cnty. Jail v. Pierce*, 612 F.2d 754, 762 (3d Cir.1979). Furthermore, that Defendants may have initially misdiagnosed Plaintiff's injury does not state a deliberate indifference claim under the Eighth Amendment. *See Stewart v. Pennsylvania Dep't of Corr.*, 677 F. App'x 816, 820 (3d Cir. 2017) (citing *Kost v. Kozakiewicz*, 1 F.3d 176, 185 (3d Cir. 1993)) (misdiagnosis of fracture resulting in

delayed treatment at worst amounts to medical malpractice which is
not actionable under the Eighth Amendment.)

(ECF No. 4 at 5-6.)

Plaintiff fails to provide any additional facts that would cure the deficiencies noted in the
Court's previous analysis. The facts alleged by Plaintiff still show that Plaintiff was receiving
treatment for his wrist and as explained above, an initial misdiagnosis of an injury does not state a
deliberate indifference claim under the Eighth Amendment. *See Stewart*, 677 F. App'x at 820. The
Amended Complaint fails to allege facts to show Defendants were deliberately indifferent to
Plaintiff's serious medical needs. Plaintiff's Amended Complaint fails to state a claim upon which
relief can be granted.

## V.    CONCLUSION

For the foregoing reasons, Plaintiff's Amended Complaint is dismissed without prejudice
for failure to state a claim upon which relief may be granted. Plaintiff shall have thirty (30) days
from the date of this Memorandum and Order in which to file a proposed second amended
complaint that corrects the deficiencies outlined in this Memorandum.

## ORDER

For the reasons set forth above,

It is on this    day of October, 2022

ORDERED the Clerk of the Court shall make a new and separate entry marking this
matter RE-OPENED; and it is further

ORDERED that Plaintiff Amended Complaint (ECF No. 7) is dismissed without
prejudice for failure to state a claim upon which relief may be granted; Plaintiff shall have thirty
(30) days in which to submit a proposed second amended complaint that corrects the deficiencies
outlines in this Memorandum should he elect to do so; and it is further

ORDERED the Clerk of the Court shall serve a copy of this Memorandum and Order

upon Plaintiff by regular U.S. mail; and it is finally

ORDERED the Clerk of the Court shall mark this CLOSED.

Date:   11/21/22

PETER G. SHERIDAN
United States District Judge

8